# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JASON SARNES, et al., | ) |
|                 Plaintiff, | ) CASE NO. 3:21-cv-287 JRK |
| vs. | ) JUDGE JAMES R. KNEPP II |
| NORTHERN MANUFACTURING | ) **JOINT MOTION FOR ORDER AND JUDGMENT ENTRY APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |
|                 Defendant. | ) |

Named Plaintiff Jason Sarnes ("Plaintiff" or "Named Plaintiff") and Northern Manufacturing Company ("Defendant") (together with Plaintiff, the "Parties"), have entered into a Settlement Agreement of Plaintiff's Fair Labor Standards Act ("FLSA") claims. The Parties hereby move this Court for an order approving the terms reflected in the Settlement, dismissing the case with prejudice, and retaining jurisdiction to enforce the terms of the Settlement. The Parties agree that the terms of the Settlement represent a fair, adequate and reasonable compromise of the claims at issue. The Settlement Agreement is attached hereto as **Exhibit A**. A proposed Order is attached hereto as **Exhibit B**. The Declaration of Robert B. Kapitan is attached hereto as **Exhibit C**.

## FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiff was a former non-exempt full-time employee of Northern Manufacturing during the period of October 2018 to June 2020 (the "Covered Period") and alleges that Northern Manufacturing failed to pay overtime for all hours worked.

Subsequent to commencing litigation, the parties conferred at length regarding Plaintiff's claims in the course of investigating same and in the hope of achieving prompt resolution. As a

result of these discussions, Defendant agreed to produce the time and payroll for Sarnes during the Covered Period. This information encompassed a significant amount of data and took the Parties considerable time to assemble and review.

The parties reached a mutually agreeable resolution in early July 2021. The settlement terms provide for Northern Manufacturing to pay Sarnes $1,000 in wages and $1,000 in liquidated damages. In exchange, the Action will be dismissed, and Sarnes will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period, as well as a general release of all claims that Sarnes could have asserted against Defendant.

The Parties now seek this Court's approval of this Settlement; approval of Plaintiff's Counsel's request for attorneys' fees, costs, and expenses; and dismissal of the Action with prejudice.

## MEMORANDUM OF LAW

### A. The Settlement is Fair and Reasonable.

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated to recover unpaid minimum wages, unpaid overtime compensation, and an additional equal amount as liquidated damages. Settling parties routinely seek judicial approval of a proposed Settlement to ensure fairness and to give effect to the FLSA releases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982) (approving FLSA settlement). In Ohio, courts consider whether a bona fide dispute exists and whether the settlement, as well as the distribution of the settlement proceeds to opt-in plaintiffs,

service awards, and attorneys' fees and costs are fair and reasonable. *See Dillworth v. Case Farm Processing, Inc.*, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010). The law favors compromise and settlement of class and collective action lawsuits. *See Swiggart v. Fifth Third Bank*, 2014 U.S. Dist. LEXIS 94450, * 11 (S.D. Ohio July 11, 2014).

Based upon Plaintiff's Counsel's expertise and experience, the settlement is fair, just, and adequate to settle the claims of Plaintiff. See, Declaration of Robert B. Kapitan, attached as Exhibit C. While Plaintiff believes the allegations asserted in the action have merit and are supported by the information developed to date, Defendant has asserted that there are legitimate defenses to any liability in this action, with Defendant asserting it would ultimately prove that it paid Plaintiff for all hours worked throughout his employment Defendant. Plaintiff's Counsel, thus, at a minimum, recognizes the expense and delay which would be incurred as the result of the proceedings necessary to prosecute the action against Defendant through trial and appeal. Specifically, Defendant maintains that Plaintiff did not perform any work prior to the start of his scheduled shift starting time or after the end of his scheduled ending time that was not recorded and paid by Defendant. In reaching the Settlement, both parties carefully considered the uncertain outcome and risk of any litigation. Defendant also represents to the Court that it was also concerned about the costs and fees incurred to fully litigate this matter.

The Settlement confers substantial benefits upon Plaintiff. The Settlement circumvents the potential that Northern Manufacturing could avoid liability altogether based on factual and legal defenses to the claims asserted by Plaintiff, including for liquidated damages and a finding of willfulness, which would limit the claims to a two-year limitations period and also recognizes that Northern Manufacturing has other defenses as to the payment of overtime.

### B. The Attorneys' Fees and Expenses to Plaintiff's Counsel are Proper and Reasonable.

After the Court has confirmed that the terms of settlement are fair to Plaintiff it may review the Parties' agreement as to the provision of fees and costs to Plaintiff's Counsel. The Settlement reflects Defendant's agreement to pay Plaintiff's Counsel an amount for attorneys' fees based on a Lodestar figure for work performed on behalf of Plaintiff. Plaintiff's Counsel estimates that its fees through the approval of this matter will be $6,600.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

Plaintiff's Counsel assert that the amount of attorneys' fees and costs is reasonable in light of the fact that the Settlement was obtained after initiation of litigation. See, Declaration of Robert B. Kapitan, attached as Exhibit C. Northern Manufacturing does not contest Plaintiff's Counsel's request for attorneys' fees and costs in the amounts provided by the Settlement Agreement. In order to make this resolution possible, Plaintiff's Counsel agreed to advance the expenses and costs of litigation for the benefit of Plaintiff. It is appropriate that the Court approve the reimbursement of these necessary expenses and costs to Plaintiff's Counsel pursuant to the terms of the Settlement Agreement.

## CONCLUSION

The Parties jointly submit this Settlement as a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Final Approval of Settlement; (2) approve Plaintiff's Counsel's request for attorneys' fees, costs, and expenses; (3) dismiss the Action with prejudice; and (4) retain jurisdiction to enforce the Settlement.

Respectfully submitted,

| | |
|---|---|
| */s/ Robert B. Kapitan* <br> Robert B. Kapitan (0074327) <br> The Lazzaro Law Firm, LLC <br> 34555 Chagrin Boulevard <br> Moreland Hills, OH  44022 <br> Telephone:  (216) 696-5000 <br> Facsimile:  (216-696-7005 <br> robert@lazzarolawfirm.com <br><br> *Counsel for Plaintiff* | */s/ Richard A. Millisor* <br> Richard A. Millisor (0062883) <br> Joseph Nelson, Jr. (100470) <br> Fisher & Phillips, LLP <br> 200 Public Square, Suite 4000 <br> Cleveland, OH 44114 <br> Telephone:  (440) 838-8800 <br> Facsimile:  (440) 838-8805 <br> rmillisor@fisherphillips.com <br> jonelson@fisherphillips.com <br><br> *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2021, the foregoing *Joint Motion for Order and Judgment Entry Approving Settlement of Collective Action and Dismissing Action With Prejudice* was filed electronically with the Clerk of Court using the Court's electronic filing system. Notice of this filing will also be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert B. Kapitan*
Robert B. Kapitan

*Attorney for Plaintiff*
